15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Angela BARACCO, Defendant-Appellant.
 No. 92-30492.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 18, 1993.
Decided Dec. 7, 1993.
 
 Before: GOODWIN, SCHROEDER, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Angela Baracco appeals the district court's imposition of a 92-month term of imprisonment under the Sentencing Guidelines following this court's remand for resentencing in United States v. Johnson, et al., 956 F.2d 894 (9th Cir.1992), and United States v. Baracco, 969 F.2d 849 (9th Cir.1992). Baracco was convicted by a jury of conspiracy to distribute heroin and cocaine and distribution of heroin and cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846.
 
 
 3
 The appellant had originally been sentenced to 235 months on the basis of the total amount of drugs distributed by the conspiracy. In the first appeal, we held that because she was a minor participant in the entire conspiracy, the court should not have taken into account as "relevant conduct" drugs distributed by the conspiracy after the appellant was in custody. On rehearing, we additionally ordered the district court to determine whether Baracco should be awarded an adjustment for acceptance of responsibility.
 
 
 4
 On remand, the district court allowed the 2 point adjustment for acceptance of responsibility and also adjusted the base offense level downward to a level of 26, reflecting relevant conduct involving between 500 grams and 2 kilograms of cocaine. The district court declined, however, to award the additional 2 point adjustment for being a minor participant that it had included in the original sentence of 235 months. This appeal followed.
 
 
 5
 Appellant contends that the court's refusal to allow her an adjustment for being a minor participant at resentencing was inconsistent with the court's finding in the original sentencing that she was entitled to such an adjustment. The appellant's argument, however, overlooks the fact that in resentencing, the district court sentenced the appellant based on relevant conduct in which she was directly involved, and not upon the scope of the overall conspiracy. It is therefore clear to this court that the district court did not err in concluding that appellant was not a minor participant in the conduct for which she was resentenced.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3